IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,901

STATE OF KANSAS,
*Appellee*,

v.

STEVEN M. MANCZUK,
*Appellant*.

SYLLABUS BY THE COURT

1.

As a general rule, issues not raised before the district court cannot be raised on appeal. Whether an issue is properly preserved presents a question of law subject to de novo review.

2.

Preservation requires more than raising an issue before the district court; it requires the party to present the same legal theory below that is asserted on appeal. As a general rule, a party may not rely on one ground before the district court and a different ground on appeal, particularly when the new theory depends on factual determinations not made by the district court.

3.

Subject matter jurisdiction presents a question of law subject to unlimited review. The statute of limitations is a procedural bar and waivable affirmative defense, not a limitation on a district court's subject matter jurisdiction.

4.

Because the statute of limitations is a waivable affirmative defense rather than an element of a criminal offense, a defendant may not obtain appellate review of an unpreserved limitations defense by recasting it as a challenge to the sufficiency of the evidence.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 18, 2025. Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Oral argument held April 8, 2026. Opinion filed July 24, 2026. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, argued the cause, and *Kris W. Kobach*, attorney general, was with him on the briefs for appellee.

The opinion of the court was delivered by

STANDRIDGE, J.:  In 2022, the State charged Steven M. Manczuk in Leavenworth District Court with rape, aggravated criminal sodomy, and sexual exploitation of a child based on alleged abuse of two victims many years earlier when they were minors. The State later added a charge of solicitation to commit capital murder, alleging Manczuk attempted to arrange the killing of the victims to prevent them from testifying at trial. A jury convicted Manczuk on all counts. The Court of Appeals affirmed his convictions, and Manczuk petitioned for review. After thoroughly reviewing the record, the applicable law, and the arguments presented, we affirm Manczuk's convictions.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2021, the Kansas City FBI field office received a lead regarding a Skype account linked to Manczuk that contained incriminating messages and images depicting child pornography. Agents, working with local authorities, conducted an investigation that involved data extraction of Manczuk's electronic devices, gathering other physical evidence, and interviewing Manczuk and the alleged victims, R.S. (born 1999) and H.S. (born 1998).

Based on the evidence obtained in that investigation, the State arrested Manczuk in July 2022 on charges of suspected child sexual abuse. The original complaint charged him with one count each of rape, aggravated criminal sodomy, and sexual exploitation of a child, arising from alleged conduct between 2011 and 2016. The first two counts involved R.S., and the third count involved both R.S. and H.S. Manczuk later waived his right to a preliminary hearing and was bound over for trial on those charges.

In November 2022, the State filed an amended complaint narrowing the timeframe of the alleged sex offenses to 2011 through 2013 in response to Manczuk's motion for a bill of particulars.

While awaiting trial in jail, Manczuk reportedly attempted to prevent the victims from testifying by soliciting other inmates to have them killed. After a related investigation, the State charged him in March 2023 with solicitation to commit capital murder. The district court later consolidated the cases and permitted the State to file a second amended complaint adding the solicitation charge.

Before trial, Manczuk moved to dismiss the sex offense charges as time-barred based on the statute of limitations. At a hearing on the motion, defense counsel withdrew

3

the statute of limitations challenge to the rape and aggravated criminal sodomy charges but maintained the statute of limitations challenge to the sexual exploitation charge. The district court denied the motion.

The case proceeded to trial. After the close of evidence and before the case was submitted to the jury, the State moved to amend the date range for the sex offense charges based on the evidence presented at trial. The district court approved the changes in the third amended complaint, which ultimately charged rape from December 1, 2010, to December 31, 2013; aggravated criminal sodomy from January 1, 2011, to December 31, 2013; and sexual exploitation of a child from January 1, 2011, to December 31, 2013. The jury found Manczuk guilty on all counts.

After trial, Manczuk renewed a statute of limitations challenge to the sex offense charges in a posttrial motion. Although the district court did not acknowledge it at the hearing on the motion, the legal ground Manczuk asserted in his posttrial challenge was materially different than the theory he relied on before trial. The district court denied the motion.

The court sentenced Manczuk to hard-25 life sentences for rape, aggravated criminal sodomy, and sexual exploitation of a child and 59 months for solicitation to commit capital murder. The court ordered the sentences for rape and sodomy to run consecutive to one another and concurrent to the other counts. Manczuk appealed, raising various trial errors. A panel of the Court of Appeals affirmed. *State v. Manczuk*, No. 126,901, 2025 WL 2017121 (Kan. App. 2025) (unpublished opinion).

We granted review on four main claims of error raised by Manczuk in his petition for review:  (1) the sex offense charges are barred by the statute of limitations; (2) the sex offense convictions are not supported by sufficient evidence; (3) the solicitation to

commit capital murder conviction is not supported by sufficient evidence and rests on a legally impossible crime; and (4) cumulative error requires reversal of all his convictions. We address each of these issues in turn.

ANALYSIS

I.    *Statute of limitations challenge to sex offense charges*

As on direct appeal, Manczuk claims the statute of limitations bars his convictions for rape, aggravated criminal sodomy, and sexual exploitation of a child. Although each claim rests on the same general premise, their procedural posture differs in ways that affect our review. Thus, we begin with the relevant procedural history.

About a month before trial, Manczuk moved to dismiss the three sex offense charges on grounds that the statute of limitations had expired. In the motion, he claimed the 2012 version of K.S.A. 21-5107 governed the limitations period. Because that version required the State to commence prosecution within 5 years after the victims turned 18, Manczuk argued the sex offense charges were untimely because the victims were older than that when the State filed its original complaint in 2022.

In a pretrial hearing on the motion, Manczuk conceded through defense counsel that amendments to K.S.A. 21-5107 had since eliminated the statutes of limitation for rape and aggravated criminal sodomy. Yet he maintained the limitations period for the sexual exploitation of a child charge could not similarly be extended because statutory amendments had substantively changed the law by increasing the severity level of that crime, suggesting a violation of the Ex Post Facto Clause of the United States Constitution. The district court rejected Manczuk's argument, concluding that criminal statutes of limitation are procedural and may therefore be applied retroactively to

5

offenses not already time-barred when the amendments took effect. Finding the amended limitations periods had not expired when the charges were filed, the court denied the motion to dismiss.

After trial, Manczuk filed a motion for new trial and judgment of acquittal, again arguing that the sex offense charges were time-barred—but based on a new legal theory. Rather than relying on the 2012 statute, he argued the 2011 recodification of the revised Criminal Code expressly barred retroactive application of later amendments, which would mean the pre-2011 statute of limitations applied. Under that version, prosecution for a sexually violent offense must be commenced within five years of the commission of the offense or within one year after the suspect's identity is conclusively established by DNA testing, whichever is later. See K.S.A. 21-3106(3), (4) (Torrence 2007). Given the timeframe of the alleged sex offenses between 2010 and 2013, Manczuk argued the limitations period had expired by the time the State filed the charges in 2022. The district court denied the motion, explaining it had already resolved the statute of limitations issue before trial. The court did not separately address Manczuk's new theory.

Manczuk reasserted this new statute of limitations theory to challenge all three sex offense convictions on direct appeal. The panel determined he had waived this argument as to the rape and aggravated criminal sodomy charges because he withdrew a statute of limitations defense to these charges before trial and could not raise a new claim in a posttrial motion. Yet the panel found he had preserved a statute of limitations challenge to the sexual exploitation of a child charge by raising (and not withdrawing) the defense before trial, even though his substantive theory had changed. See *Manczuk*, 2025 WL 2017121, at *4-5. While Manczuk's pre- and posttrial statute of limitations challenges to the sexual exploitation charge both contested the retroactive application of legislative extensions to the limitations period, his posttrial argument relied on an entirely new legal theory.

6

Manczuk acknowledges that his posttrial argument differs from the one he made before trial, but he contends the issue is nonetheless preserved because he raised a statute of limitations defense below. Alternately, he argues the preservation rule does not apply because criminal statutes of limitation implicate a court's subject matter jurisdiction and so cannot be waived or lost as a defense.

Before deciding whether to reach the merits of Manczuk's statute of limitations arguments, we must first determine whether those claims were preserved for appellate review.

## A. *Preservation*

### 1. *Applicable preservation principles*

Whether an issue is properly preserved presents a question of law subject to de novo review. *State v. Anderson*, 321 Kan. 549, 551-52, 582 P.3d 524 (2026). As discussed, the panel reached different conclusions regarding preservation of Manczuk's statute of limitations claims, concluding that he failed to preserve a statute of limitations argument as to the rape and aggravated criminal sodomy charges but concluding that he did preserve the argument as to the sexual exploitation of a child charge. We therefore review the panel's legal conclusions on preservation matters de novo.

As a general rule, a party must preserve an issue by raising it before the district court; otherwise, the issue cannot be raised on appeal. *State v. Williams*, 311 Kan. 88, 92, 456 P.3d 540 (2020); see Supreme Court Rule 6.02(a)(5) (2026 Kan. S. Ct. R. at 36). Preservation requires more than simply raising an issue at the district court; it requires a party to have raised the same legal theory below as argued on appeal. Thus, in general, a

7

party may not assert one ground below and then rely on a different ground on appeal. See *State v. Scheetz*, 318 Kan. 48, 59, 541 P.3d 79 (2024) ("[A] party cannot object to evidence on one ground at trial and then substitute another ground on appeal or assert a general ground at trial and then specify more particular grounds on appeal."). This is especially true when the newly asserted theory depends on factual determinations since fact-finding is not the role of an appellate court. *State v. Nelson*, 291 Kan. 475, 488, 243 P.3d 343 (2010) ("[A]ppellate courts do not make factual findings, even if the record is sufficient for the court to reach the factual issues."). The same preservation principles govern affirmative defenses, including statute of limitations defenses.

Taken together, these principles establish that raising a statute of limitations defense before trial on one ground does not preserve a materially different statute of limitations theory asserted for the first time after the verdict. Preservation requires a defendant to present the legal theory supporting an affirmative defense at a time when the district court can resolve any factual issues necessary to its determination. See *State v. Holt*, 298 Kan. 469, 477, 313 P.3d 826 (2013).

2. *Application to Manczuk's claims*

The Court of Appeals applied the preservation rule inconsistently to the sex offense charges. For the rape and aggravated criminal sodomy charges, the panel recognized Manczuk's posttrial statute of limitations theory differed from the one he advanced pretrial and therefore was not preserved. However, for the sexual exploitation charge, the panel found that same posttrial theory preserved because Manczuk had maintained the underlying defense at trial, even though it was based on a different limitations theory. Therefore, the panel reached the merits of his current statute of limitations argument as to the sexual exploitation charge. *Manczuk*, 2025 WL 2017121, at *4.

8

The State did not file a cross-petition for review or otherwise challenge the panel's determination that Manczuk's posttrial statute of limitations theory was preserved as to the sexual exploitation charge. Ordinarily, that omission would foreclose our review, but we "may address a plain error not presented." Supreme Court Rule 8.03(b)(6)(C)(i) (2026 Kan. S. Ct. R. at 56). This exception applies when resolution of an unpresented issue is necessary to our analysis or when failing to address it would risk creating confusing or misleading precedent. *Stroud v. Ozark Nat'l Life Ins. Co.*, 320 Kan. 180, 206-07, 564 P.3d 725 (2025). More broadly, plain error review is appropriate where declining review would result in a miscarriage of justice or undermine the integrity of the judicial process. *In re K.R.*, 321 Kan. 578, 584, 582 P.3d 575 (2026); see also *Williams*, 311 Kan. at 93-94.

That standard is satisfied here. The panel applied different preservation rules to the same newly raised posttrial theory supporting an affirmative defense. This misapplication of law risks creating confusing or misleading precedent and undermining the integrity and uniformity of the judicial process with respect to matters of preservation and waiver of affirmative defenses. We therefore exercise our discretion to correct this plain error and properly apply the preservation rule to Manczuk's claims.

While Manczuk concedes his posttrial argument rests on a new legal theory, he insists this issue is preserved, if not by his pretrial arguments, then by his posttrial motion. But Manczuk misunderstands the application of our preservation rule to a statute of limitations defense. As discussed, preservation generally requires that the same legal theory be presented to the district court, and this must occur at the appropriate stage in those proceedings given the nature of the issue. Because a statute of limitations defense is a waivable affirmative defense whose resolution may depend on factual determinations, the defendant must present the legal theory supporting that defense while the district

court can resolve those factual issues. A different limitations theory first asserted after the verdict is therefore not preserved for appellate review.

The present case proves this very point since Manczuk's posttrial theory raises factual questions that were not considered at the district court level. Specifically, the pre-2011 statute includes tolling provisions that may extend the limitations period based on circumstances such as age of the victim at the time of the offense, the reason for delayed reporting, or the victim's awareness that the acts committed constituted a crime. See K.S.A. 21-3106(5)(f) (Torrence 2007). Those issues require a fact-intensive inquiry. But because Manczuk failed to raise this theory at the appropriate procedural point in the case, the State had no opportunity to develop evidence on those matters, and the district court made no related findings. As a result, we lack the necessary factual record to test Manczuk's claim on appeal.

We therefore agree with the panel that Manczuk waived a statute of limitations defense to the rape and aggravated criminal sodomy charges but disagree that he preserved such a defense to the sexual exploitation charge since he abandoned his pretrial argument and asserted a new legal theory posttrial. Simply put, the panel committed an error of law by finding one of the two claims preserved when it should have held both were unpreserved. Because Manczuk failed to preserve a statute of limitations defense to any of the sex offense charges, we decline to reach the merits.

Although defendant's statute of limitations arguments are unpreserved, he also asserts that the same alleged defect deprived the district court of subject matter jurisdiction. Because jurisdictional challenges are not subject to ordinary preservation rules, we address that contention separately.

10

B. *Jurisdiction*

Having concluded that Manczuk did not preserve a statute of limitations defense to any of the sex offense charges, we next consider whether his jurisdictional challenge can save these unpreserved claims. Our review over a legal question of subject matter jurisdiction is unlimited. *State v. Jordan*, 317 Kan. 628, 641-42, 537 P.3d 443 (2023).

Manczuk asserts that in limiting the State's power to prosecute, the statutes of limitation also deprive courts of jurisdiction over time-barred criminal actions. This logic conflates the State's statutory authority to prosecute with a court's subject matter jurisdiction, which this court has explained comes not from charging documents, but from the Kansas Constitution and Kansas statutes. *State v. Gleason*, 315 Kan. 222, 226-27, 505 P.3d 753 (2022); *State v. Dunn*, 304 Kan. 773, Syl. ¶ 1, 812, 375 P.3d 332 (2016) ("Statutory infirmity does not inevitably fail to bestow subject matter jurisdiction or deprive the court of jurisdiction or destroy jurisdiction.").

Moreover, this argument conflicts with longstanding precedent. For more than a century, this court has consistently held the statute of limitations is a procedural bar and a waivable defense—not a limit on subject matter jurisdiction. *Gleason*, 315 Kan. at 226 ("The bar of a statute of limitations is not a jurisdictional bar—it is 'an affirmative defense that can be waived' if not pled by the defendant."); *State v. Valdiviezo-Martinez*, 313 Kan. 614, 624, 486 P.3d 1256 (2021); *State v. Sitlington*, 291 Kan. 458, Syl. ¶ 2, 241 P.3d 1003 (2010); *State v. Noah*, 246 Kan. 291, 296, 788 P.2d 257 (1990); *In re Johnson*, 117 Kan. 136, 137, 230 P. 67 (1924). Under this rule, a defendant waives the defense by failing to raise it at the district court, once the relevant facts are in the record and by the time of trial. *Valdiviezo-Martinez*, 313 Kan. at 624. Thus, by failing to raise his current statute of limitations theory of defense until after trial, Manczuk waived this defense and cannot revive it on appeal.

We therefore decline to reach the merits of Manczuk's posttrial statute of limitations theory on jurisdictional grounds.

## II.    *Sufficiency challenge to sex offense convictions*

Manczuk next argues the evidence was insufficient to support his convictions for rape, aggravated criminal sodomy, and sexual exploitation of a child. Notably, he does not claim the State failed to prove any statutory element of the offenses. Instead, he contends the State failed to prove the offenses occurred within the relevant limitations period based on his posttrial theory. Thus, his sufficiency claim is an attempt to litigate the same statute of limitations theory we have determined was not preserved.

This court has long looked to the substance of a claim rather than the label attached to it. A party cannot avoid preservation requirements by recharacterizing an issue under a different doctrinal heading. Cf. *State v. King*, 288 Kan. 333, 349-50, 204 P.3d 585 (2009) (holding statutory contemporaneous objection rule prevented consideration of alleged Fifth Amendment violation for first time on appeal). As such, a defendant cannot obtain appellate review of a waived affirmative defense by recasting it as a challenge to the sufficiency of the evidence.

Previously, in *Valdiviezo-Martinez*, we reached the merits of a sufficiency challenge based on the statute of limitations when the matter of preservation was not raised. But we expressly clarified we were not "bless[ing] use of a sufficiency argument for matters other than elements." 313 Kan. at 624-25. Here, however, the preservation issue is squarely before us. The State has consistently argued that Manczuk's sufficiency challenge is merely an impermissible attempt to circumvent the requirement that statute of limitations defenses be timely raised in the district court. We agree.

As explained, the statute of limitations is a waivable affirmative defense and not an element of a charged offense. Whether prosecution was timely therefore presents a procedural defense to criminal liability, not a factual component the State must prove beyond a reasonable doubt unless properly placed in issue. Cf. *State v. Macomber*, 309 Kan. 907, 923-24, 441 P.3d 479 (2019) (in context of self-defense). Because Manczuk failed to preserve this statute of limitations theory before a verdict at trial, he cannot now raise it as an evidentiary insufficiency claim.

Permitting this tactic would largely nullify the preservation principles governing affirmative defenses. A defendant could then bypass waiver simply by asserting on appeal that the State failed to prove facts relevant to a defense that was never properly litigated below. Such a rule would undermine the district court's opportunity to resolve factual disputes, deprive the State of the opportunity to develop an evidentiary record, and invite appellate courts to resolve issues that were never preserved for review. Those concerns are especially pronounced here. As explained, Manczuk's limitations theory depends on application of a statutory scheme containing tolling provisions that require factual determinations the district court never made because the theory itself was never properly presented. Appellate courts do not engage in such fact-finding.

Having concluded that Manczuk's argument is, in substance, an unpreserved statute of limitations claim, we decline to reach its merits. In doing so, we note Manczuk does not invoke any of our preservation exceptions and none appear to apply. See Supreme Court Rule 6.02(a)(5) (2026 Kan. S. Ct. R. at 36) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court."); *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (listing preservation exceptions); see, e.g., *Schutt v. Foster*, 320 Kan. 852, 860, 572 P.3d 770 (2025) (holding an appellate court abuses its discretion by reaching an unpreserved issue after the appellant failed to

explain, as required by Supreme Court Rule 6.02(a)(5), why an exception to the preservation rule applies). Accordingly, we affirm the Court of Appeals' ultimate disposition of this issue, although on the narrower ground that Manczuk's sufficiency challenge is merely an unpreserved statute of limitations argument that is not properly before this court.

III.     *Challenges to solicitation of capital murder conviction*

Manczuk next challenges his conviction for solicitation of capital murder on two related grounds based on the same premise: that the jury instruction required the State to prove he solicited *himself* to commit a contract killing. From that premise, he claims the evidence was insufficient and the conviction rests on a legally impossible crime. Both arguments are unavailing.

A. *Sufficiency of evidence*

When a defendant challenges the sufficiency of the evidence, an appellate court reviews the evidence in the light most favorable to the State and asks whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. In doing so, the court does not reweigh evidence, resolve evidentiary conflicts, or make credibility determinations. *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021).

The State charged Manczuk with solicitation of capital murder under K.S.A. 21-5303(a) and K.S.A. 21-5401(a)(2). Criminal solicitation is "commanding, encouraging or requesting another person to commit a felony, attempt to commit a felony or aid and abet in the commission or attempted commission of a felony for the purpose of promoting or facilitating the felony." K.S.A. 21-5303(a). Capital murder, the target felony in this case,

includes the intentional and premeditated killing of a person pursuant to a contract or agreement to kill. K.S.A. 21-5401(a)(2).

Here, the complaint alleged that Manczuk "intentionally and with premeditation command[ed], encourage[d], or request[ed] another person to commit a felony; to wit, Capital Murder, pursuant to a contract or agreement, and persons solicited to be killed are H.S. and R.S." Thus, the charging document alleged Manczuk solicited another person to kill H.S. and R.S. It did not allege that he solicited himself.

The jury instruction followed the same basic structure. It told the jury that, to convict Manczuk, the State had to prove he "intentionally and with premeditation commanded, encouraged or requested a person to commit or attempt to commit capital murder." That language correctly identified the essential solicitation conduct: a request or encouragement directed to another person. See K.S.A. 21-5303(a); *State v. DePriest*, 258 Kan. 596, 604, 907 P.2d 868 (1995) ("The crime is complete when the person communicates the solicitation to another with the requisite mens rea. No act in furtherance of the target crime needs to be performed by either person.").

Yet Manczuk focuses on the section of the instruction defining the target felony of capital murder. In relevant part, that portion stated "the defendant intentionally killed R.S. and H.S." We agree with the Court of Appeals that this wording was awkward and could have been clearer. See *Manczuk*, 2025 WL 2017121, at *8. When capital murder is included only as the object of a solicitation charge, the better practice would be to modify the capital murder definition so the instruction does not use "the defendant" to describe both the person charged with solicitation and the person who would commit the intended killing. See PIK Crim. 4th 54.020 (2020 Supp.) ("Notes on Use").

15

But the awkward wording does not transform this case into one in which Manczuk was charged with, or convicted of, soliciting himself. The challenged language appeared in the subordinate definition of the target felony. The operative elements of the charged offense appeared at the beginning of the instruction, and those elements required the jury to find that Manczuk commanded, encouraged, or requested "a person" to commit or attempt to commit capital murder. Read as a whole, the instruction did not require the State to prove that Manczuk solicited himself.

Nor does the evidence suggest the jury convicted him on that impossible theory. The State presented testimony from two of Manczuk's fellow inmates about his plan to have R.S. and H.S. killed to prevent them from testifying. One of Manczuk's cellmates testified that he repeatedly expressed the desire to get rid of R.S. and H.S. and asked for the cellmate's help finding someone to kill them. At Manczuk's prompting, the cellmate stated he agreed to write a letter to further that request in exchange for tangible benefits, such as extra food from meals and commissary items. Another inmate testified to overhearing Manczuk discuss killing witnesses. Viewed in the light most favorable to the State, this evidence was sufficient for a rational fact-finder to conclude beyond a reasonable doubt that Manczuk solicited *another* person to commit capital murder. Manczuk's sufficiency argument therefore fails.

To the extent Manczuk argues the jury instruction should have more clearly distinguished between the solicitor and the person solicited, that is an instructional error claim. But Manczuk did not preserve such a claim; in fact, he proposed nearly identical instructional wording. Thus, as the panel correctly noted, his challenge is subject to the invited error doctrine and will not be considered on appeal unless we find reason to depart from this general rule. See *State v. Stewart*, 306 Kan. 237, 248, 393 P.3d 1031 (2017) ("The invited error doctrine precludes a challenge to an instruction as clearly erroneous under K.S.A. 22-3414[3] when the district court gives a defendant's requested

16

instruction to the jury."); *State v. Fleming*, 308 Kan. 689, 701, 423 P.3d 506 (2018) (Kansas courts generally do not review a claim of instructional error when the invited-error doctrine applies.) (collecting cases). We do not.

B. *Legal impossibility*

Manczuk's related legal impossibility claim fails for the same reason. He correctly observes that a person cannot solicit themself under K.S.A. 21-5303(a), which requires solicitation of "another person." And Kansas law recognizes that some purported crimes are legally or logically impossible. See, e.g., *State v. Gutierrez*, 285 Kan. 332, 344, 172 P.3d 18 (2007) (not logically impossible for defendant to form necessary specific intent to kill based on provoked impulse, without premeditation, but fail to complete intentional crime and instead commit attempted voluntary manslaughter); *State v. Collins,* 257 Kan. 408, 419, 893 P.2d 217 (1995) (logically impossible for person to specifically intend to commit unintentional crime, e.g., self-defense or attempted involuntary manslaughter). But this is not such a case.

The solicitation instruction stated the essential elements for the crime in the first paragraph requiring the jury to find "[t]he defendant intentionally and with premeditation commanded, encouraged or requested a person to commit or attempt to commit capital murder." This language reflects the statutory definition of the crime. See K.S.A. 21-5303(a) ("Criminal solicitation is commanding, encouraging or requesting another person to commit a felony, attempt to commit a felony or aid and abet in the commission or attempted commission of a felony for the purpose of promoting or facilitating the felony."). Likewise, the complaint specified the act of solicitation was directed at "another person." Thus, as the panel found, Manczuk was not charged with or convicted of soliciting himself to commit capital murder. See *Manczuk*, 2025 WL 2017121, at *8. Solicitation of capital murder is a legally valid offense, and the State charged Manczuk

17

with soliciting another person to commit that offense. The evidence supported that theory. The challenged wording in the target crime definition did not create a nonexistent crime.

*State v. Bodine*, 313 Kan. 378, 486 P.3d 551 (2021), does not require a different result. There, this court considered a legal impossibility argument where the defendant challenged the validity of the offense itself given the statutory language, not merely the wording of a requested instruction. 313 Kan. at 398-401. By contrast here, Manczuk's legal impossibility argument depends on the phrasing of the instruction, not on any impossibility inherent in the statutory offense of solicitation of capital murder. Because the State charged a valid offense, the instruction's operative elements described that offense, and the evidence supported the conviction, Manczuk is not entitled to relief. We therefore affirm his conviction for solicitation of capital murder.

IV.     *Cumulative error claim*

Combined, cumulative trial errors may require reversal of a defendant's conviction if the totality of the circumstances establish the defendant was substantially prejudiced and denied the right to a fair trial. *State v. Alfaro-Valleda*, 314 Kan. 526, 551-52, 502 P.3d 66 (2022). The cumulative error rule does not apply if there are no errors or only a single error. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021).

Here, the only potential error identified was the poorly worded jury instruction for solicitation to commit capital murder which failed to explicitly distinguish between "the defendant" in the elements of the crime of solicitation and "the defendant" specified in the definition of capital murder, the target felony. Yet Manczuk did not properly raise an instructional error claim and, even if he had, an unpreserved instructional issue that is not clearly erroneous may not be aggregated in a cumulative error analysis under K.S.A. 22-

18

3414(3). *State v. Waldschmidt*, 318 Kan. 633, 662, 546 P.3d 716 (2024). Therefore, the cumulative error rule does not apply.

CONCLUSION

Manczuk has failed to establish reversible error. We therefore affirm the judgment of the Court of Appeals affirming the district court.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.